


**IT IS ORDERED as set forth below:**

**Date: June 12, 2018**

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re:<br><br>**JAY COSTA KELTER,**<br>**f/k/a Ignatius J. Coster, III,**<br><br>Debtor. | : | CASE NO. **17-53391-PMB**<br><br>CHAPTER 7 |
| **DANIEL M. McDERMOTT,**<br>**UNITED STATES TRUSTEE,**<br><br>Plaintiff,<br><br>v.<br><br>**JAY COSTA KELTER,**<br>**f/k/a Ignatius J. Coster, III**,<br><br>Defendant. | : | ADVERSARY PROCEEDING<br><br>NO. **17-5232** |

**ORDER (I) DENYING MOTION FOR STAY,**
**(II) OVERRULLING OBJECTION TO PROPOSED SCHEDULING**
**ORDER AND (III) GRANTING DEBTOR'S EXTENSION MOTION**

Before the Court are the following pleadings:

1) The *Defendant's Motion for Stay and Objection to Proposed Scheduling Order*, filed by the Defendant-Chapter 7 Debtor named above (the "Debtor"), who is *pro se*, on January 10, 2018 (Docket No. 12)(the "Motion");

2) The *Plaintiff's Response to Defendant's Motion for Stay and Objection to Proposed Scheduling Order*, filed by the Plaintiff-United States Trustee's (the "United States Trustee") in opposition to the Motion on January 24, 2018 (Docket No. 13)(the "Response");

3) The *First Amended Motion for Stay and Objection to Proposed Scheduling Order*, filed by the Debtor on February 2, 2018 (Docket No. 14) ("First Amended Motion"); and

4) The *Debtor-Defendant's Motion for Exstenion (sic)of Time ((sic)To File Motion for Stay (sic) Summary Judgment*, filed by the Debtor on June 6, 2018 (Docket No. 28) (the "Extension Request").

After the filing of pleadings 1-3 above, this Court entered its *Order and Notice of Hearing on Defendant's Motion for Stay and Objection to Proposed Scheduling Order and Response Thereto*, setting a hearing on the First Amended Motion and the Response for March 26, 2018 (the "Hearing"). At the Hearing, the Court directed that the parties advise the Court with respect to the results of an upcoming status conference to be conducted in a related criminal matter involving the Debtor pending in the United States District Court for the Middle District of Tennessee (the "Tennessee District Court")(Case No. 3:17-cr-00208-1)(the "Criminal Proceeding"). On April 9, 2018, the United States Trustee filed in this case a written notice regarding the status conference (Docket No. 19)(the "Notice"). In the Notice, the United States Trustee stated that the Debtor's criminal trial in the Criminal Proceeding is scheduled for August 7, 2018, a pre-trial conference is

scheduled in the Criminal Proceeding for July 30, 2018, and a status conference is scheduled in the Criminal Proceeding for July 13, 2018.

The Debtor was also directed at the Hearing to file a notice to put of record in this Adversary Proceeding certain filings in a related civil lawsuit brought against the Debtor by the Securities and Exchange Commission, also in the Tennessee District Court (Case No. 3:17-cv-01441)(the "SEC Suit"). On April 18, 2018, the Debtor filed a Memorandum (Docket No. 22)(the "Memorandum") that contained a copy of a proposed order staying the SEC Suit pending conclusion of the Criminal Proceeding. A review of the docket in the SEC Suit reveals that the Tennessee District Court actually entered another, similar Order on February 20, 2018 (SEC Suit, Docket No. 21), staying the SEC Suit pending resolution of the Criminal Proceeding and requiring the parties to submit a joint status report regarding the Criminal Proceeding every sixty (60) days.

Finally, by the time of the Hearing, the discovery period in this matter as set forth in the *Scheduling Order, Subject to Objection* (Docket No. 10)(the "Scheduling Order") had for all practical purposes expired,[1] and neither party expressed the need at the Hearing for any further discovery.[2] Pursuant to that Scheduling Order, motions for summary judgment were due on or before April 16, 2018 and, if none were filed, a pretrial order was due on or before May 1, 2018. At the Hearing, the Court amended the Scheduling Order to allow the parties through and including April 30, 2018 to file a motion for summary judgment in this Adversary Proceeding.

[1] Pursuant to the Scheduling Order, the discovery period in this case expired four (4) days later, on March 30, 2018.

[2] It seems unlikely that the Debtor would need to conduct any material discovery in this matter in any event, in light of the nature of the case.

This deadline was subsequently extended by the Court to May 31, 2018 by separate Order.[3] On May 31, 2018, the United States Trustee filed a motion for summary judgment and related pleadings (the "United States Trustee's Summary Judgment Motion".[4]

**Background**

The Debtor filed this Chapter 7 case on February 24, 2017. The U.S. Trustee commenced this adversary proceeding (the "Adversary Proceeding") through the filing of a complaint on August 30, 2017 (Docket No. 1)(the "Complaint").[5] After the filing of the Debtor's answer (Docket No. 4), the Court directed the parties to confer and present a Rule 26(f) report (*see* Docket No. 5). On December 22, 2017, the Court entered the Scheduling Order based on the *Separate Report of Rule 26(f) Conference* filed by the United States Trustee on December 7, 2017 (Docket No. 7)(the "Separate Rule 26(f) Report").[6] The Debtor objected to the Scheduling Order through the filing of the Motion and the First Amended Motion.

In the Complaint, the United States Trustee alleges that the Debtor converted over $1.6 million in funds from a certain TD Ameritrade account that he managed for a client (the "Client"). In addition, the Debtor traded on the account of another client who also incurred substantial monetary losses. Based on these allegations, the United States Trustee objects to discharge of the

---

[3] See Docket No. 23.

[4] The pleadings are: *Plaintiff's Motion for Summary Judgment with Statement of the Material Facts as to Which There is No Genuine Issue to be Tried* (Docket No. 25); *Memorandum in Support of Plaintiff's Motion for Summary Judgment* (Docket No. 26); *Notice of Filing Duplicate Original and Sealed Transcripts of 341 Meetings and Rule 2004 Examination of the Debtor* (Docket No. 27, filed June 4, 2018)

[5] The time for filing the Complaint had been extended by Order entered on June 6, 2017 (Main Bankruptcy Case Docket No. 30), such that the Complaint was timely filed.

[6] In the Separate Rule 26(f) Report, the United States Trustee stated that the Debtor believes the Adversary Proceeding should be stayed pending the resolution of the Criminal Proceeding, and that the Debtor did not concur in the Report as presented.

Debtor under 11 U.S.C. § 727(a)(5)(failure to satisfactorily explain loss or deficiency of assets transferred from the Client's account to his own), § 727(a)(2)(A)(transfer, removal, destruction, mutilation or concealment of property with intent to hinder, delay, or defraud a creditor within a year of bankruptcy through various transfers of converted funds), § 727(a)(4)(A)(knowingly and fraudulently making a false oath or account in his bankruptcy statements and schedules), and § 727(a)(3)(concealing, destroying, mutilating, falsifying, or failing to keep or preserve financial records without justification).[7]

In the Motion, the Debtor seeks an order staying the Adversary Proceeding and administratively closing this matter until the conclusion of the Criminal Proceeding. The Debtor states that he presented himself to the Tennessee District Court for formal indictment on November 13, 2017 (following entry of a Grand Jury Indictment)(the "Indictment"), and that a trial date of July 31, 2018 has been assigned.[8] The Debtor contends that the "exact same factual allegations that form the basis" of the Complaint serve as the basis for the Indictment as well as the SEC Suit (Motion, p. 2). The Debtor argues that this Court should exercise its discretion to stay the Adversary Proceeding because continued prosecution of this matter could otherwise impair the

---

[7] The United States Trustee states in the Complaint (¶ 32) that the Client filed a civil complaint against the Debtor in the Tennessee District Court on or about November 30, 2016 for $1.375 million alleging fraud, breach of fiduciary duty, violation of Tennessee securities law, negligent misrepresentation, and conversion (Case No.: 3:16-cv-03055)(the "Civil Suit"). The Client is listed in the Debtor's bankruptcy schedules as asserting a claim for $1.4 million based on the Civil Suit. According to the Debtor, the United States Trustee's Complaint restates the allegations in the Civil Suit. The Debtor further states in the Motion (p. 2) that the United States Securities and Exchange Commission, Enforcement Division, has also filed the SEC Suit against him in the Tennessee District Court alleging violations of the federal securities laws (Case No.: 3:17-cv-1441) arising from the same facts asserted in the Civil Suit and in the Complaint.

[8] The U.S. Trustee states that the Indictment was sought by the United States Attorney's Office in that district on twenty-two (22) counts of wire fraud, mail fraud, and securities fraud (*see* Response, ¶ 9). It appears that the trial date has now been moved back slightly, to August 7, 2018.

Debtor's right to invoke the privilege against self-incrimination under the Fifth Amendment to the United States Constitution and prejudice his defense in the Criminal Proceeding.[9]

Citing *Sterling Nat'l Bank v. A-1 Hotels Internat'l, Inc.*, 175 F.Supp.2d 573 (S.D.N.Y. 2001), the Debtor asserts that consideration of accepted factors for analyzing when to stay a civil matter in the interests of justice based on a balancing of the interests of the parties supports entry of such relief.[10] For instance, the Debtor points to the degree of overlap between the issues in the Adversary Proceeding and the Criminal Proceeding, and the fact that he has already been indicted and is facing trial in the near future. As such, there is a greater likelihood of making potentially incriminating statements and any prejudice due to delay is lessened since the Criminal Proceeding is on a trial calendar. Further, in terms of the Plaintiff's interest, the United States Trustee must

---

[9] As noted above, it appears that the Tennessee District Court has stayed the SEC Suit pending the outcome of the Criminal Proceeding. The Debtor argues that this Court should do the same. However, in the SEC Suit, it appears the SEC consented to the stay. The United States Trustee opposes the stay in this matter.

[10] The Debtor actually cites principles set forth in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134 (S.D.N.Y. 1995) (Motion, p. 3), which are as follows:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

886 F.Supp. at 1139 (citations omitted).

In *Sterling Nat'l Bank*, *supra*, the court first observed that it had the power to issue such a stay, but that such a stay was not constitutionally necessary. 175 F.Supp.2d at 575-77. The court also noted the significance of whether or not the movant had been indicted. Then, in addition to the degree to which a criminal defendant's Fifth Amendment rights are implicated, the court listed the following factors in connection with "the interests of justice":

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Sterling Nat'l Bank, supra*, 175 F.Supp.2d at 576.

show more than simple delay in asserting the claims in the Complaint. Next, the Debtor contends the burden imposed on him by civil discovery if this Adversary Proceeding goes forward would be significant and could place his legal strategy in the Criminal Proceeding at risk by revealing it here. Further, it would force the Debtor to choose between complying with discovery obligations and invoking his Fifth Amendment privilege. Finally, the Debtor insists that the interests of judicial economy and the public's interest in expediency would be served by a stay since the pre-trial matters, along with a conference and trial date, have been fixed in the Criminal Proceeding. In sum, the Debtor asserts that prompt resolution of these matters will occur and the Adversary Proceeding will only be temporarily stayed, while the integrity of his rights in the Criminal Proceeding is preserved.

In response, the United States Trustee argues that the Debtor has failed to offer sufficient grounds to support the extraordinary relief of staying this Adversary Proceeding. Under controlling Eleventh Circuit precedent, the standard for staying a civil proceeding "to prevent unconstitutional infringement is more narrow and less subjective." *Financial Federated Title & Trust, Inc. v. Poindexter (In re Financial Federated Title & Trust, Inc.)*, 252 B.R. 834, 837 (Bankr. S.D.Fla. 2000), citing *United States v. Lot 5, Fox Grove, Alachua Cty*., 23 F.3d 359, 364 (11th Cir. 1994); *see also Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944 (11th Cir. 1990).[11] In *Financial Federated*, the court denied a request to stay an adversary proceeding where a trustee sought to set aside alleged fraudulent transfers. Based on the authority of *Lot 5*, the court reiterated that a stay is not constitutionally mandated, but requires "special circumstances" and the

[11] In *Lot 5*, *supra*, the Eleventh Circuit Court of Appeals upheld denial of a stay since certain loss of a civil forfeiture proceeding had not been demonstrated. 23 F.3d at 364.

"blanket assertion of the privilege is an inadequate basis for the issuance of a stay." 252 B.R. at 837-38, *supra*, citing *Lot 5, supra*, 23 F.3d at 364. Instead, it must be shown that "as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue." *Id.* at 837, citing *Lot 5, supra*; *Pervis*, *supra*, 901 F.2d 944. Moreover, this loss must be "an actual adverse judgment, and not 'merely the loss of the defendant's most "effective defense."'" *Id.* at 838 (citations omitted). Because the trustee in that case would still need to prove all the other elements of his cause of action, even if the defendant refused to testify and the court construed such silence against her, the court found invocation of the privilege would not lead to automatic liability. *Id.*

Here, the United States Trustee contends that the only reason the Debtor has presented in support of a stay is that he will otherwise be required to choose between invoking the privilege or offering testimony on his own behalf. Given the strict test as applied in this circuit, the United States Trustee insists that "the mere possibility of disadvantage in a civil proceeding," including the "adverse inference" drawn from such silence, is simply not enough to warrant a stay. *Id.* Further, the United States Trustee states that the Debtor has already testified under oath in other proceedings regarding the disputed issues in the Complaint. Thus, the United States Trustee maintains continued discovery along these lines of inquiry will not result in a certain loss for the Debtor in this Adversary Proceeding. In addition, any stay would frustrate efforts to recover over $1.6 million in property that is allegedly missing. In sum, according to the United States Trustee, the Debtor has not carried his burden of establishing sufficient grounds to stay this matter pending conclusion of the trial in the Criminal Proceeding.

As noted above, the Debtor filed a First Amended Motion that appears to be a reply to the Response of the United States Trustee. The Debtor counters that "special circumstances" as discussed in *United States v. Kordel*, 397 U.S. 1, 12, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), which was cited by the court in *Financial Federated*, *supra*, 252 B.R. at 837, include a broad array of relevant factors that bear on a request to stay a civil proceeding while a criminal action moves forward.[12] For instance, the Debtor contends that the actions of the United States Trustee, along with the SEC, led to evidence that was used in the Criminal Proceeding and the Debtor's resulting Indictment. Further, the Debtor is not represented by counsel and is under the care of a clinical psychiatrist. The Debtor adds that he has received adverse pretrial publicity since a local newspaper reported that he invoked his Fifth Amendment privilege at least forty-four (44) times during his examination under Federal Rule of Bankruptcy Procedure 2004 conducted by the United States Trustee. *See* First Amended Motion, ¶¶ 2-4, 10; *see also* Complaint, ¶ 33. Due to this unfavorable publicity, he has suffered personal losses to reputation and income-earning ability. The Debtor further states that there are no other witnesses who might vindicate him in this Adversary Proceeding, as in *Lot 5, supra*, and he is otherwise unable to offer defenses to rebut the Plaintiff's allegations of intent, again based on the invocation of his right against self-incrimination. Finally, the Debtor maintains that the legal standard of "certain loss" as

---

[12] In *Kordel*, in addressing an argument that the government had violated the Fifth Amendment rights of the respondents in that case, the United States Supreme Court stated that:

> [w]e do not deal here with a case where the Government has brought a civil action solely to obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution; nor with a case where the defendant is without counsel or reasonably fears prejudice from adverse pretrial publicity or other unfair injury; nor with any other special circumstances that might suggest the unconstitutionality or even the impropriety of this criminal prosecution.

*Kordel*, *supra*, 397 U.S. at 11-12 (citations omitted).

grounds for granting a stay as construed in *Financial Federated*, *supra*, is impossible to meet and is not consistent with due process.

Upon review of the argument presented and the authority cited, the Court agrees with the United States Trustee that the Debtor has not shown an adequate basis on which to stay this Adversary Proceeding pending the completion of the Criminal Proceeding. The Court acknowledges that invocation of the privilege may allow adverse inferences to be asserted regarding matters to which the Debtor chooses to remain silent. But, under the governing standard set forth by the Eleventh Circuit, in examining whether the interests of justice require a stay of a civil proceeding to avoid jeopardizing a party's invocation of the privilege against self-incrimination, this Court must find that such invocation in this Adversary Proceeding "will result in certain loss by automatic summary judgment." *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 2009 WL 2589116, *2 (S.D.Fla. Aug. 19, 2009), citing *United States v. Two Parcels of Real Property*, 92 F.3d 1123, 1129 (11th Cir. 1996); *Lot 5, supra*, 23 F.3d at 364; *Pervis, supra*, 901 F.2d 904. Even if the Debtor does not testify regarding the allegations of the Complaint, the United States Trustee will still need to prove each element of his various claims for relief under Section 727. The fact that the Debtor has already invoked the privilege during examination by the United States Trustee does not change this conclusion, and in fact cuts against any stay, since no further such examinations are contemplated. Thus, denial of a stay and the invocation of the privilege will not, in and of themselves, compel entry of judgment on the Complaint against the Debtor.[13]

---

[13] This is particularly true because debtors rarely admit fraudulent intent, so that the intent element must in most cases be established through other forms of proper evidence.

Based on the record in this case, the Court finds no basis to deviate from the rule that "'the very fact of a parallel criminal proceeding does not alone constitute "special circumstances."'" *Global Aerospace*, *supra*, 2009 WL 2589116 at *2 (S.D.Fla. Aug. 19, 2009), quoting *In re Blankenship*, 2009 WL 1607909, *4 (Bankr. N.D.Ala. June 8, 2009). The Debtor implies in his pleadings that either the United States Trustee and the SEC brought their actions to obtain evidence for the Criminal Proceeding, or that Criminal Proceeding occurred as a consequence of the other matters. The Court has not been provided any evidence of manipulation of the various suits referenced herein in which the government is the plaintiff, or that the government is attempting to conduct a criminal investigation through civil means.

Finally, there is the Extension Request. In it, the Debtor asserts that he has recently been hospitalized. As a result, he asks for additional time to take certain actions. It is not clear precisely what actions the Debtor seeks additional time to take – whether he wants additional time to file his own motion for summary judgment and to respond to the United States Trustee's Summary Judgment Motion, or whether he seeks additional time only for the latter. In either case, the request seems reasonable to the Court. Further, the more limited extension requested by the Debtor would require the Debtor, who appears to be defending all of these matters *pro se*, to prepare the requisite papers as he is also preparing for his upcoming trial in the Criminal Proceeding, now less than sixty (60) days away. To avoid this potentially undue burden, as well as the subsequent (potentially emergency) request for additional time that will likely result from it, the Court will grant the Debtor a somewhat longer extension than he has presently requested, as set forth below.

Based on the foregoing discussion, it is

**ORDERED** that the Motion and the First Amended Motion be, and the same hereby are, **DENIED**; and, it is further

**ORDERED** that the Debtor's Objection to the Scheduling Order is **OVERRULED**, and it is further

**ORDERED** that the Extension Motion is **GRANTED** to the extent that the Debtor may file a motion for summary judgment in this matter and/or a response to the United States Trustee's Summary Judgment Motion **on or before August 31, 2018**.

The Clerk is directed to serve a copy of this Order upon the Debtor (at both addresses as shown on the Plaintiff's Response at Docket No. 13), counsel for Debtor in the Main Bankruptcy Case (Howard P. Slomka, Esq.), the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**